# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TINSON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>R. GROUNDS, Warden,<br><br>　　　　　　Respondent. | Case No. CV 13-0968-ABC (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## INTRODUCTION

On February 11, 2013, Ronald Tinson ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 ("Petition"). On May 14, 2013, Respondent filed an Answer to the Petition. Petitioner filed a Reply on August 19, 2013.

On October 29, 2013, the United States Magistrate Judge issued a Report and Recommendation, recommending that the Petition be dismissed with prejudice.

On December 19, 2013, Petitioner filed Objections to the Report and Recommendation ("Objections").

///

///

**DISCUSSION**

For the first time in the Objections, Petitioner appears to argue in Ground Two that his trial counsel was ineffective for failing to obtain the exculpatory testimony of Earl Nevils. (See Objections at 6, 8.) Petitioner specifically states that

> Nevils was prepared to testify at his trial that he completely misled Petitioner as to the purpose and intentions of driving him [to] the locations where the crimes were committed. Facts of which Petitioner brought to the attention of his trial counsel, who never took any steps to investigate and present on his behalf in his defense.

(Id. at 6.) Since Petitioner's claim fails under even de novo review, he is not entitled to habeas corpus relief on this ground. See Norris v. Morgan, 622 F.3d 1276, 1290 (9th Cir. 2010), cert. denied, 131 S.Ct. 1557 (2011) (affirming denial of habeas corpus petition when claim failed even under de novo review); Frantz v. Hazey, 533 F.3d 724, 735-37 (9th Cir. 2008) (en banc) (a federal habeas court can review constitutional issues de novo before performing a § 2254(d)(1) analysis).

As an initial matter, while Petitioner has identified Nevils as the witness he claims his defense counsel should have called, Petitioner has not provided any competent evidence from this witness, as he must, showing what this potential witness would have testified to at his trial, Dows v. Wood, 211 F.3d 480, 486 (9th Cir.), cert. denied, 531 U.S. 908 (2000), and that this witness was actually available and willing to testify. United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir.), cert. denied, 488 U.S. 910 (1988); White v. Ollison, 592 F.Supp.2d 1227, 1250 (C.D. Cal. 2008). Generally, these requirements are satisfied by an affidavit or declaration from the witness. Dows, 211 F.3d at 486. Here, Petitioner has not provided any evidentiary support demonstrating the substance of Nevil's testimony or his

availability and willingness to testify. Therefore, Petitioner's claim is without merit.[1] See Sandgathe v. Maass, 314 F.3d 371, 379 (9th Cir. 2002) (affirming denial of ineffective assistance of counsel claim when petitioner presented no evidence supporting claim); Harden, 846 F.2d at 1231-32 (rejecting ineffective assistance of counsel claim when "[t]here is no evidence in the record which establishes that [the witness] would testify in [defendant's] trial"); United States v. Berry, 814 F.2d 1406, 1409 (9th Cir. 1987) (defendant's ineffective assistance of counsel claim based on the failure to call witnesses was "meritless" when "he offer[ed] no indication of what these witnesses would have testified to, or how their testimony might have changed the outcome of the hearing").

Petitioner's remaining objections are without merit and do not warrant further comment.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation. Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED that: (1) the Petition for Writ of Habeas Corpus is denied; and (2) Judgment shall be entered dismissing the action with prejudice.

DATED: 1/10/14

AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

---

[1] Contrary to what Petitioner claims, moreover (Objections at 6-7), an evidentiary hearing was not required to resolve this claim. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (An evidentiary hearing is not warranted where "the record refutes the applicant's factual allegations or otherwise precludes habeas relief.").